UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  THE MATTER OF CLOVELLY OIL CO., LLC, AS OWNER AND OPERATOR OF THE M/V MISS RICKI, PRAYING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION NO.<br><br>SECTION<br><br>JUDGE<br><br>MAGISTRATE JUDGE |

**COMPLAINT FOR EXONERATION FROM
OR LIMITATION OF LIABILITY**

NOW INTO COURT, through undersigned counsel, comes Clovelly Oil Co., LLC, (hereinafter, "Clovelly"), as owner and operator the M/V MISS RICKI, its engines, tackle, furniture, appurtenances, etc. (the "Vessel"), and files this Complaint for Exoneration From or Limitation of Liability, and respectfully avers upon information and belief as follows:

1.

This is an action for exoneration from or limitation of liability, civil and maritime, under the purview of 46 U.S.C. §§30501, *et seq.* (the "Act"), and an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  This action is governed by Rule F of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure.  This Honorable Court has jurisdiction over this action by virtue of the Act and by virtue of 28 U.S.C. § 1333.

2.

At all times pertinent hereto, Petitioner, Clovelly Oil Co., LLC was and is a limited liability company organized and existing pursuant to the laws of the State of Delaware, and was

{N3666590.2}

and still is the sole record owner of the Vessel.  Petitioner is both domiciled and has its principal place of business in Orleans Parish, Louisiana and regularly conducts business in this judicial district.

3.

The M/V MISS RICKI is a crewboat, Louisiana Registration No. LA-3692-FM, and is documented pursuant to the laws of the United States of America.

4.

The Vessel has not been attached or arrested to answer for any claim with respect to which Clovelly seeks exoneration from or limitation of liability through these proceedings.  As of the date of this filing, there has been one lawsuit filed against Clovelly as owner and operator of the M/V MISS RICKI and six other lawsuits filed which arise out of the October 15, 2017 explosion which occurred on a Clovelly platform in Lake Pontchartrain.  All of these lawsuits have been filed in either state or federal court within the Eastern District of Louisiana.  Venue is therefore proper in the United States District Court for the Eastern District of Louisiana, pursuant to Rule F(9) of the Supplemental Rules for Certain Admiralty and Maritime Claims.

5.

At all times during and prior to the incident hereinafter described, Clovelly exercised due diligence to make the Vessel seaworthy in all respects and fit for its intended service. Furthermore, the Vessel was in fact tight, staunch, strong, properly manned, equipped and supplied, and was in all respects seaworthy and fit for the voyage and service in which it was intended and engaged.

6.

On October 15, 2017, the M/V MISS RICKI, was the crewboat which brought Clovelly employees and contractors to and from the West Lake Pontchartain ("WLP") Block 41 Field.  It was also the vessel used to carry workers to the four active wells in the WLP Block 41 and back to the main platform.

7.

On October 15, 2017, multiple parties were engaged to perform cleaning services on three oil flowlines in WLP Block 41, all of which ran to the Clovelly platform in that field (the "Platform").  During the process, at approximately 7:18 p.m. an explosion occurred causing catastrophic damage to the Platform and injuring numerous employees of Clovelly and employees of Clovelly's contractors.  Tragically, one man died in the incident.

8.

The aforementioned incident, and any losses, and/or damages allegedly resulting therefrom, were not caused or contributed to by any fault, neglect, negligence, or lack of due care on the part of Clovelly, its agents, servants, employees, or any other persons for whom Clovelly might be responsible, or by any unseaworthiness of the Vessel.

9.

The aforesaid incident, and all of the losses and/or damages, allegedly resulting therefrom, were done, occasioned and incurred without the privity or knowledge of Clovelly. No officers or managing directors of Clovelly were on board or in the vicinity of the Vessel at the time of the incident at issue.

10.

This Complaint is timely, as it is being filed by Clovelly within six months from written notice of a claim against the M/V MISS RICKI and Clovelly in its capacity as vessel owner.

11.

At the conclusion of the incident, the value of the M/V MISS RICKI was FORTY-FIVE THOUSAND AND NO/100 U.S. DOLLARS ($45,000.00). (*See* Affidavit of Value attached as Exhibit "1"). There was no freight pending, within the meaning of the applicable statutes, aboard the M/V MISS RICKI at the start of the voyage at issue or at any time up to and including the incident at issue.

12.

Clovelly avers that because the aforementioned incident and the alleged losses, damages and/or injuries allegedly related thereto were not caused or contributed to by any fault, neglect, negligence or lack of due care on the part of Clovelly, or its agents, servants, employees, or any other persons for whom Clovelly might be responsible, or by any unseaworthiness of the Vessel, Clovelly is entitled to and hereby claims exoneration from liability for any and all alleged injuries, losses or damages allegedly occurring as a result of the aforesaid incident, as well as any and all claims related to the incident that have yet to be asserted.  Clovelly avers that it has valid and complete defenses on the facts and on the law.

13.

Although Clovelly denies any liability to any party, and although Clovelly does not know the extent, nature or total amount of all claims which may be made for loss or damage arising out of the incident described above, Clovelly anticipates and believes that additional suits and claims

will be asserted and prosecuted against Clovelly in amounts exceeding the value of Clovelly's interest in the Vessel and its pending freight at the conclusion of the voyage during which the aforementioned incident took place.

14.

As such, without admitting but affirmatively denying all liability, and strictly in the alternative to its claim for exoneration from all liability, losses, damages and/or injuries allegedly occasioned by or resulting from the aforesaid incident, or allegedly done, occasioned, or incurred on the subject voyage, Clovelly alleges and avers that if Clovelly should be held responsible to any person, entity or other party by reason of any fault attributed to Clovelly, its agents, servants, employees, or others for whom Clovelly could be held responsible, or to the Vessel, in connection with the above-described incident, then Clovelly is entitled to and claims the benefit of limitation of liability as provided in 46 U.S.C. App. §§30501, *et seq*., and all laws supplementary thereto and amendatory thereof, and all other applicable law and jurisprudence, to limit its liability to FORTY-FIVE THOUSAND AND NO/100 U.S. DOLLARS ($45,000.00), the value of Clovelly's interest in the Vessel and its pending freight immediately after the incident.

15.

Clovelly reserves the right to plead all applicable affirmative defenses, claims, cross-claims and counterclaims against any claimant, including but not limited to the right to plead set off, the right to plead comparative fault, the right to plead compromise and settlement, the right to plead that the incident was unavoidable by Clovelly, the right to plead Act of God, the right to plead that the incident resulted from violations of law or permits by particular claimants, the

right to plead that particular claimants have no right to pursue claims for alleged unseaworthiness of the Vessel, and the right to file cross-claims and/or third-party actions for damages or for indemnity or contribution against all persons and entities that may be legally responsible for the incident described herein.

16.

Clovelly Oil Co., LLC has filed contemporaneously herewith a Letter of Undertaking, in appropriate form, (attached as Exhibit "2"),  issued by Hiscox London Market, as security for the amount or value of the combined total of Clovelly Oil Co., LLC's interest in the Vessel, together with costs and interest at the rate of six percent (6%) per annum from date of said Letter of Undertaking, and in addition thereto, Clovelly Oil Co., LLC is prepared to give security for any additional amount in excess of the Letter of Undertaking as may be ascertained and determined to be necessary under orders of this Court, and as provided by the laws of the United States, the Federal Rules of Civil Procedure, and the Supplemental Rules for Certain Admiralty and Maritime Claims.

17.

All and singular, the premises are true and correct and within the admiralty and maritime jurisdiction of this Honorable Court.

**WHEREFORE,** petitioner, Clovelly, prays:

1)      That this Honorable Court enter an order accepting and approving the Letter of Undertaking filed by Clovelly Oil Co., LLC in the amount FORTY-FIVE THOUSAND AND NO/100 U.S. DOLLARS ($45,000.00), together with costs and six percent (6%) per annum

Case 2:18-cv-09385-CJB-JVM   Document 1   Filed 10/09/18   Page 7 of 9

interest from the date of the Letter of Undertaking, as security for the amount of Clovelly Oil Co., LLC's interest in the Vessel immediately after the incident as described herein;

2)      That this Honorable Court issue a monition and notice to all persons, firms, corporations or other entities asserting any claims for any and all alleged losses, damages or injuries with respect to which Clovelly seeks exoneration from or limitation of liability, admonishing them to file their respective claims with the Clerk of Court and to serve on the attorneys for Clovelly a copy thereof on or before the date specified in the notice, or be forever barred and permanently enjoined from making and filing any claims with respect to the October 15, 2017 incident;

3)      That the Court issue an injunction restraining the commencement or prosecution of any action or proceeding of any kind against Clovelly, its affiliates, its employees, its or their insurers or underwriters, or any of their property, including but not limited to the M/V MISS RICKI, whether *in personam*, by attachment, or *in rem*, for any losses, damages, and/or injuries allegedly arising out of the October 15, 2017 incident described in this Complaint;

4)      That if any claimant who shall have filed a claim shall also file an exception bringing forward evidence to controvert the value of the Vessel, or its pending freight, as alleged herein, this Court shall cause due appraisement to be had of the value of the Vessel and its pending freight following the incident and of the value of Clovelly's interest therein, following which event this Court shall, if necessary, enter an Order for filing of a Letter of Undertaking or other appropriate security for the value, as so determined, of Clovelly's interest in said Vessel and its pending freight;

5)      That this Court adjudge that Clovelly, its affiliated companies, employees, its or their insurers and underwriters, and the M/V MISS RICKI, are not liable to any extent whatsoever for any losses, damages and/or injuries or for any claims therefor, in any way arising from or in consequence of the incident, or in consequence of otherwise connected with the matters and happenings referred to in this Complaint;

6)      Or, strictly in the alternative, if this Court should adjudge that Clovelly, its affiliates, employees, or its or their insures or underwriters, and/or the M/V MISS RICKI are liable in any amounts whatsoever, that the Court should then adjudge that said liability shall be limited to FORTY-FIVE THOUSAND AND NO/100 U.S. DOLLARS ($45,000.00), the value of Clovelly's interest in the M/V MISS RICKI together with its pending freight immediately after the incident of October 15, 2017; and that a judgment be entered discharging Clovelly, its affiliates, employees and its and their insurers and underwriters, and the M/V MISS RICKI of and from any and all further liability and forever enjoining and prohibiting the filing and prosecution of any claims against Clovelly, its affiliates, employees, its or their insurers or underwriters, or any of their property, in any way arising from or in consequence of the subject incident, or in consequence of or in connection with the matters and happenings referred to in this Complaint; and

7)      That Clovelly have such other and further relief as in law and justice it may be entitled to receive.

Respectfully submitted,

*/s/ C. Barrett Rice*

_____

JEFFERSON R. TILLERY (#17831)
C. BARRETT RICE (#30034)
JEANNE AMY (#37012)
**JONES WALKER LLP**
201 St. Charles Avenue, Suite 5000
New Orleans, Louisiana 70170-5100
Telephone:(504) 582-8238
Facsimile: (504) 589-8238
E-Mail:    jtillery@joneswalker.com
               brice@joneswalker.com
               jamy@joneswalker.com


-AND-

*/s/ Karen W. Shipman*
_____

**CHARLES R. TALLEY, (#12634)**
chuck.talley@keanmiller.com
**KAREN WATERS SHIPMAN, (#27320)**
karen.shipman@keanmiller.com
**AMANDA HOWARD LOWE (#32507)**
**amanda.lowe@keanmiller.com**
**ZOE VERMEULEN, (#34804)**
zoe.vermeulen@keanmiller.com
**R. BLAKE CROHAN, (#37648)**
blake.crohan@keanmiller.com
**KEAN MILLER LLP**
First Bank and Trust Tower
909 Poydras St., Suite 3600
New Orleans, LA 70112
Telephone:  (504) 585-3050

*Attorneys for Petitioners, Clovelly Oil Co., LLC*

{N3666590.2}